**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| MATTHEW REARDON, )<br>      Plaintiff, )<br> )<br>v. )<br> )<br>SHORT-ELLIOTT HENDRICKSON, )<br>INCORPORATED, )<br>      Defendant. ) | Cause No.: 2:17-CV-154-JVB-PRC |

## OPINION AND ORDER

This matter is before the Court on Defendant's Motion for Leave to Amend Its Affirmative Defenses to Include a Defense for After-Acquired Evidence [DE 24], filed by Defendant Short-Elliott-Hendrickson, Incorporated on January 25, 2018. Plaintiff filed a response in opposition on February 8, 2018, and Defendant filed a reply on February 15, 2018.

In the motion, Defendant seeks leave to amend its affirmative defenses. Defendant represents that documents produced by Plaintiff on November 30, 2017, made Defendant aware of evidence that supports an affirmative defense of after-acquired evidence justifying termination of Plaintiff's employment with Defendant. The deadline to amend pleadings passed on December 1, 2017.

As an initial matter, this case is governed by Federal Rules of Civil Procedure 6(b) and 16 because the instant motion was filed after the deadline for the amendment of pleadings. *See Alioto v. Town of Lisbon*, 651 F.3d 715, 719-720 (7th Cir. 2011) (discussing the interplay between Federal Rules of Civil Procedure 15(a) and 16(b)). Rule 6(b)(1) provides:

> When an act may or must be done within a specified time, the court may, for good cause, extend the time:
>     (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
>     (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

Fed. R. Civ. P. 6(b)(1). Rule 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

Plaintiff points out that Defendant did not file the instant motion until January 25, 2018, even though the documents that purportedly support the amendment were turned over in discovery on November 30, 2017, and the deadline to amend expired on December 1, 2017. Defendant represents that over 600 pages of documents were turned over on November 30, 2017, and the period between the deadline's expiration and the filing of the instant motion included both Christmas and New Years holidays, and one of Defendant's attorneys was out of the country for two weeks during this time period as well. The Court finds that Defendant has shown both good cause under Rule 16(b) and excusable neglect under Rule 6(b) for seeking leave to amend its affirmative defenses after the expiration of the court-imposed deadline of December 1, 2017.

Motions for leave to amend pleadings are freely granted when "justice so requires." Fed. R. Civ. P. 15(a)(2). However, "district courts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 759 (7th Cir. 2002)).

Amendment to add an affirmative defense is futile if the affirmative defense would not survive a motion to strike under Federal Rule of Civil Procedure 12(f). *EEOC v. Orion Energy Sys Inc.*, 145 F. Supp. 3d 841, 844 (E.D. Wis. 2015). Affirmative defenses are stricken "only when they are insufficient on the face of the pleadings." *Williams v. Jader Fuel Co., Inc.*, 944 F.2d 1388, 1400 (7th Cir.1991) (citing *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir.

1989)). Affirmative defenses must provide a short and plain statement of the defense and adequately put the plaintiff on notice of the defense. *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989).

Plaintiff argues that Defendant should not be allowed to amend its affirmative defenses because it will not be able to succeed on the merits of the after-acquired evidence defense. However, "[f]utility, in the context of Rule 15, refers to the inability to state a claim, not the inability of the plaintiff to prevail on the merits." *Schilke v. Wachovia Mortg., FSB*, 758 F. Supp. 2d 549, 554 (N.D. Ill. 2010) (citing *Bower v. Jones*, 978 F.2d 1004, 1008 (7th Cir. 1992)). Thus, Plaintiff's argument that Defendant cannot succeed on the merits does not show the amendment to be futile.

Plaintiff lastly argues that he will be unfairly prejudiced if amendment it allowed. He argues that the factfinder will improperly assume that the affirmative defense is correct and force Plaintiff to prove false the purported events that happened years ago. Plaintiff also argues that additional discovery will be needed for him to gather the evidence necessary to withstand the affirmative defense.

If leave to amend is granted, Plaintiff will be prejudiced to an extent in that he will need to defend against this affirmative defense. However, being required to defend against new allegations made in pleadings is not the sort of prejudice that is undue in the context of amending pleadings. *See Biomet 3i, LLC v. Land*, No. 1:16-cv-125, 2017 WL 510945, at *4 (N.D. Ind. Feb. 8, 2017). If such prejudice were considered undue, then amended pleadings would rarely be permissible. Further, the fact discovery deadline in this case is currently set for June 11, 2018. If Plaintiff needs time to conduct discovery as to the new affirmative defense, then he has time in which to do so.

Therefore, the Court hereby **GRANTS** Defendant's Motion for Leave to Amend Its Affirmative Defenses to Include a Defense for After-Acquired Evidence [DE 24]. Defendant is **ORDERED** to file its Answer and First Amended Defenses on or before **April 9, 2018**.

SO ORDERED this 3rd day of April, 2018.

s/ Paul R. Cherry  
MAGISTRATE JUDGE PAUL R. CHERRY  
UNITED STATES DISTRICT COURT